Mahion, Circuit Judge, concurring. A fact-bound case such as this underscores why “the Attorney General’s discretionary judgment whether to grant relief ... shall be conclusive unless manifestly contrary to the law and an abuse of discretion.” I agree with the court’s previous judgment in Fuller v. French, 833 F.3d 866 as well as the decision today to deny the motion for a stay of removal. Deference to the IJ’s finding and the Board’s conclusion is important for me at this late date because it appears that with all of the discrepancies, the only clear evidence that Fuller is bisexual is because he says so. Any added risk to his life is brought on by his careless and seemingly indiscriminate sexual behavior. Fuller has filed a motion to reopen with affidavits reflecting on his activities many years ago. The Board denied his motion and the current petition seeks review of that order. As the court explains, the Board has reviewed Fuller’s new evidence and its denial is largely discretionary and unreviewable. Of course, there is some concern that because Fuller has publically identified himself as bisexual, he faces danger in Jamaica. Based on the earlier opinion as well as the dissent, it is probable that his sexual activity had been well known locally long ago. For example, as the opinion indicated, “he told the IJ while married to Wood he had multiple affairs with men and women,” and he partied in the “gay-friendly resort town of Ocho Rios.” As the opinion also notes, his family (his sisters, a cousin, and apparently his parents) have effectively abandoned him because of his sexual activity. The dissent also noted his testimony disclosed “at length and in detail about his being bisexual and having had a number of sexual relationships with both men and women beginning when he was a preteen.” The dissent also pointed out “another wrinkle,” “that homosexuals often are antipathetic to bisexuals,” citing another publication entitled, “Why Do Gays Hate Bisexuals.” Even though it does not appear that he was hiding his sexual activity while in Jamaica, it is obvious he would rather be here than go back there. He committed a serious crime here, and he appears rightfully deportable. But all of that is for the Board of Immigration Appeals to decide. One option the Board may consider would be to deport him to a country other than Jamaica, perhaps giving him an opportunity for a voluntary departure to any country he prefers. For now, we deny his motion for a stay of removal, but grant his motion to proceed in forma pauperis in his now pending petition to reopen.